IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC GREENE,

    Plaintiff,                     No. CIV S-09-0229 DAD P

    vs.

BOARD OF PRISON TERMS, et al.,

    Defendants.               ORDER

/

        Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application is defective. When plaintiff submitted the application, he was a state prisoner and was required to have a prison official complete a portion of the application and submit a certified copy of his trust account statement. Now that plaintiff is no longer incarcerated, he must use an application form for a non-prisoner. Accordingly, plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and plaintiff may submit a new application.

/////

1

1    The court also finds that plaintiff's complaint is deficient, failing to contain
2 sufficient factual allegations in support of his claim. Plaintiff alleges that on August 5, 2008, he
3 was falsely arrested by his parole agent, defendant Martin, and defendant Johnson who is the
4 parole unit supervisor. Plaintiff contends that the defendants submitted false reports stating that
5 plaintiff's whereabouts were unknown until his arrest date. According to plaintiff, as a result the
6 Board of Prison Terms caused him to be taken into "wrongful custody" for 167 days. Plaintiff
7 alleges that he "made every effort to contact Defendant S. Martin . . . . [and] neither one of the
8 named Defendants' [sic] made the effort to contact Plaintiff." (Compl. at 5.) Plaintiff seeks
9 monetary damages in the amount of $50,000 from each of the named defendants, including the
10 Board of Prison Terms.

11   In his amended complaint, plaintiff must provide additional factual allegations
12 with respect to whether his parole was revoked, whether he received a probable cause hearing,
13 and the decision rendered at such a hearing. In this regard, plaintiff may provide a copy of the
14 hearing decision to support his allegation that his arrest and subsequent confinement was
15 unlawful. Plaintiff is caution that pursuant to the United States Supreme Court's decision in
16 Heck v. Humphrey, 512 U.S. 477, 486 (1994), a civil rights action seeking damages which
17 alleges an unconstitutional conviction or unlawful imprisonment cannot be maintained absent
18 proof that the conviction or sentence has been reversed, expunged, or declared invalid.

19   If plaintiff chooses to file an amended complaint, he must allege facts
20 demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal
21 constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Any
22 amended complaint must allege in specific terms how each named defendant was involved in the
23 deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is
24 some affirmative link or connection between a defendant's actions and the claimed deprivation.
25 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
26 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of

official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). In addition, the Board of Prison Terms is not a proper defendant in this action. See <u>Brown v. California Dept. of Corrections</u>, 554 F.3d 747, 752 (9th Cir. 2009) (concluding that the California Board of Prison Terms is entitled to Eleventh Amendment immunity). Therefore, in any amended complaint he elects to file, plaintiff should not include the Board of Prison Terms as a defendant.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 2, 2009 application to proceed in forma pauperis (Doc. No. 3) is denied without prejudice;

2. Plaintiff shall submit, within thirty days from the date of this order, either the $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order;

3. Plaintiff's complaint is dismissed;

4. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

/////

/////

5. Plaintiff's failure to file an amended complaint and application to proceed in forma pauperis or the $350.00 filing fee in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

6. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action and the application for requesting leave to proceed in forma pauperis by a non-prisoner.

DATED: October 26, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
gree0229.lta