IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC GREENE,

    Plaintiff,                      No. CIV S-09-0229 DAD P

    vs.

BOARD OF PRISON TERMS, et al.,    ORDER AND

    Defendants.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a former state prisoner proceeding pro se. Pursuant to the court's October 26, 2009 order, plaintiff has filed an application to proceed in forma pauperis for a non-prisoner and his amended complaint.

        Plaintiff's in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        In his amended complaint, plaintiff alleges that defendants Martin and Johnson, plaintiff's parole agent and his agent's supervisor, "both stated 'wrongfully' to Defendant Board of Prison Terms that Plaintiff was avoiding contact." (Am. Compl. at 2.) Plaintiff alleges that he made "every effort" to contact defendant Martin but defendant Martin "never made any attempts to return the Plaintiff's contacts." (Id.) Plaintiff also attaches to his in forma pauperis application a copy of the summary of revocation hearing and decision. On September 5, 2008, a

1

hearing was held on the charge of "Absconding parole supervision." (Summ. of Revoc. Hearing, Court Doc. No. 8, Attach. at 2.) At the hearing, good cause was found for the charge and plaintiff's parole was revoked. (Id.) As a result, plaintiff was returned to custody for nine months.[1] (Id.) In his amended complaint, plaintiff seeks monetary damages in the amount of $50,000 from each named defendant.

In the court's October 26, 2009 order, plaintiff was cautioned that his action may be barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994). In that case, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Where a judgment in plaintiff's favor would necessarily invalidate his conviction or sentence the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. Id. Here, plaintiff challenges the validity of his parole revocation and has not alleged or shown that the revocation has been reversed or declared invalid. Therefore, this action is barred and should be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 18, 2009 application to proceed in forma pauperis (Doc. No. 8) is granted; and

2. The Clerk of the Court is directed to randomly assign this case to a District Judge.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477, 486 (1994).

---

[1] Plaintiff was determined to be eligible for time credits. In his amended complaint, plaintiff allege that he spent an additional 167 days in custody as a result of the parole revocation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 20, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
gree0229.56