IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC GREENE,

    Plaintiff,                    No. CIV S-09-0229 LKK DAD P

    vs.

BOARD OF PRISON TERMS, et al.,

    Defendants.           <u>ORDER</u>

/

        Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On September 21, 2010, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court declines to adopt the findings and recommendations.

        Plaintiff brings a § 1983 claim arising out of an August 5, 2008 decision of the

defendant Board of Prison Terms to revoke his parole. He alleges that he was in custody for 167 days as a result of this decision. He filed his original complaint on January 26, 2009 and his amended complaint on November 18, 2009. On September 21, 2010, the magistrate judge recommended that this court dismiss plaintiff's § 1983 action as barred by Heck v. Humphrey, 512 U.S. 477 (1994). On November 5, 2010, the court adopted the findings and recommendations given that no objections were filed. On January 25, 2011, however, plaintiff filed a motion to set aside judgment because he was unable to file objections while incarcerated for violating parole from October 5, 2010 through January 6, 2011. On February 17, 2011, this court granted plaintiff's motion and provided him with thirty days to file objections. Plaintiff timely filed objections to the findings and recommendations.

Under Heck, a claim that "necessarily implie[s] the invalidity of [a] conviction or sentence [may] not be maintained under § 1983 unless the prisoner proved 'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination[s], or called into question by a federal court's issuance of a writ of habeas corpus.'" Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002) (quoting Heck, 512 U.S. at 486-87). In Spencer v. Kemna, five members of the Supreme Court reasoned that "a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy." 523 U.S. 1, 21 (1998) (Souter, J., concurring); id. at 25 n.8 (Stevens, J., dissenting) ("Given the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear . . . that he may bring an action under 42 U.S.C. § 1983."). While the courts of appeal are split as to the significance of this reasoning in Spencer, see Wilson v. Johnson, 535 F.3d 262, 267 & nn.6, 7 (4th Cir. 2008), the rule in the Ninth Circuit is clear. See Nonnette, 316 F.3d at 877. Specifically, a plaintiff challenging the validity of a conviction or sentence may bring a § 1983 claim despite the Heck bar so long as (1) habeas relief is unavailable and (2)

plaintiff timely pursued appropriate relief from the prior conviction. Id. at 877 & n.6; see also Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006).

Here, plaintiff alleges that he was wrongly found in violation of his parole on August 5, 2008, and sentenced to 167 days. According to his complaint, he is no longer in custody for this violation. Under Nonnette, he may, thus, bring a § 1983 claim challenging the parole revocation decision. His claim does not fall within the Heck bar.

Nonetheless, plaintiff's amended complaint does not appear to comply with the minimum pleading requirements set forth in the magistrate judge's October 26, 2009 order. For example, the magistrate judge instructed plaintiff not to include the Board of Prison Terms as a defendant, but plaintiff continued to name the board as a defendant. For this reason, the court instructs the magistrate judge to provide plaintiff with leave to amend his complaint and to, again, inform him of the minimum pleading requirements to state a claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The court declines to adopt the findings and recommendations filed September 21, 2010;

2. Plaintiff shall be provided with leave to file an amended complaint.

DATED: April 18, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3