1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CEDRIC GREENE,

11          Plaintiff,                        No. CIV S-09-0229 LKK DAD P

12       vs.

13   BOARD OF PRISON TERMS, et al.,

14          Defendants.                       ORDER

15   _____/

16          Plaintiff is a former state prisoner proceeding pro se and in forma pauperis.

17   Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  On September 21, 2010, the undersigned

18   filed findings and recommendations recommending that this action be dismissed as barred by

19   Heck v. Humphrey, 512 U.S. 477, 486 (1994).  Eventually, on April 18, 2011, the assigned

20   District Judge declined adopting the findings and recommendations reasoning that since on or

21   about January 7, 2011, plaintiff is no longer in custody, under Nonnette v. Small, 316 F.3d 872

22   (9th Cir. 2002), he is not barred by Heck and may proceed with a § 1983 claim.[1]  In that order,

23

---

24          [1]  The assigned District Judge had adopted the findings and recommendations and entered
     judgment on November 5, 2010.  On January 25, 2011, following his release from custody,
25   plaintiff moved to set aside the judgment, claiming that he had been unable to file objections to
     the findings and recommendations due to his incarceration.  The assigned District Judge granted
26   the motion to vacate the judgment and extended plaintiff's time for the filing of objections.

1   the assigned District Judge noted that it appeared that plaintiff's amended complaint did not

2   comply with the minimum pleading standards set out in the court's earlier orders and, therefore,

3   instructed the undersigned to provide plaintiff leave to file a second amended complaint and to

4   inform the plaintiff once again of the minimum pleading requirements to state a cognizable

5   claim.

6   **I**. **Screening Requirement**

7           The court is required to screen complaints brought by prisoners seeking relief

8   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

9   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

12  U.S.C. § 1915A(b)(1) & (2).

13          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989); Franklin, 745 F.2d at 1227.

20          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

21  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

24  (1957).  However, in order to survive dismissal for failure to state a claim a complaint must

25  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

26  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

2

1   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2   allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

3   (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

4   resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

5   **II**.  **Curing Deficiencies in the Amended Complaint**

6       A.  Defendant Board of Prison Terms

7           In his amended complaint plaintiff alleges that he suffered harm as "a result of

8   Defendant Board of Prison Terms [sic] orders to place Plaintiff into unlawful confinement."

9   (Am. Compl. (Doc. No. 7) at 2.)  Plaintiff was advised in this court's October 26, 2009 order that

10  the Board of Prison Terms is not a proper defendant in a civil rights action brought pursuant to

11  42 U.S.C. § 1983 action because the Board is entitled to Eleventh Amendment immunity.  See

12  Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (concluding that the

13  California Board of Prison Terms is entitled to Eleventh Amendment immunity).  Therefore, in

14  any second amended complaint he elects to file in this action, plaintiff should not include the

15  Board of Prison Terms as a defendant.

16      B.  Clarifying the Involvement of the Other Named Defendants

17          Although the Federal Rules adopt a flexible pleading policy, a complaint must

18  give fair notice to the defendants and must allege facts that support the elements of the claim

19  plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

20  Plaintiff must allege with at least some degree of particularity overt acts which defendants

21  engaged in that support his claims.  Id.

22          Supervisory personnel are generally not liable under § 1983 for the actions of their

23  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

24  supervisorial position, the causal link between him and the claimed constitutional violation must

25  be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

26  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

1    involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

2    of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3              In any second amended complaint he elects to file in this action, plaintiff must

4    allege facts clarifying the positions held by defendants Martin and Johnson, explain whether they

5    are parole officers, police officers, or hearing officers and whether any named defendant merely

6    held supervisorial positions.  Plaintiff must also allege facts clarifying how each named

7    defendant participated in making of the alleged false report.  Finally, plaintiff may attach a copy

8    of that report to his second amended complaint.

9         C.  Clarifying the Causes of Action

10             The Civil Rights Act under which this action was filed provides as follows:

11             Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
12             deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
13             law, suit in equity, or other proper proceeding for redress.

14   42 U.S.C. § 1983.  In any second amended complaint he may elect to file, plaintiff must clarify

15   the nature of his claim and the federal statute or constitutional provision that he claims were

16   violated by the named defendants.

17             If plaintiff is claiming a violation of his federal due process rights under the

18   Fourteenth Amendment, he must identify the protected liberty interest which he claims was

19   violated, as well as explain what procedural protection he was not provided.  In this regard, the

20   Due Process Clause of the Fourteenth Amendment protects against the deprivation of liberty

21   without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  In order to invoke

22   the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty

23   interest for which the protection is sought and then explain what procedural protections he did

24   not receive.  See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989)

25   (explaining the two-steps involved in a Fourteenth Amendment due process claim).  Plaintiff is

26   advised that if the claimed false report was used at the parole revocation hearing, he must allege

4

1  facts explaining what procedural protections he was not afforded at the hearing.  Cf. Percival v.

2  Kelso, No. 1:09-cv-01699-MJS (PC), 2011 WL 1326843 (E.D. Cal. Apr. 5, 2011) (granting

3  plaintiff leave to file an amended complaint with respect to his claim concerning a false

4  disciplinary report so that plaintiff could explain what procedural due process he was not

5  afforded at the disciplinary hearing); Sloane v. Getz, No. 00 Civ. 4708 (DLC), 2001 WL 504879,

6  at *3 (S.D. N.Y. May 10, 2001) ("While the filing of a false parole report in and of itself does not

7  state a constitutional violation, Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986), the

8  plaintiff had 'the right not to be deprived of a protected liberty interest without due process of

9  law.' Id.").

**III. Requirements Applicable to Any Second Amended Complaint**

11             If plaintiff chooses to file a second amended complaint in this action, he must

12  allege facts demonstrating how the conditions complained of resulted in a deprivation of his

13  federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

14  second amended complaint must allege in specific terms how each named defendant was

15  involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983

16  unless there is some affirmative link or connection between a defendant's actions and the

17  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

18  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

19  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

20  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21             Plaintiff is informed that the court cannot refer to a prior pleading in order to

22  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

23  complaint be complete in itself without reference to any prior pleading.  This is because, as a

24  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

25  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleadings

26  no longer serve any function in the case.  Therefore, in a second amended complaint, as in an

1  original complaint, each claim and the involvement of each defendant must be sufficiently

2  alleged.

3  **CONCLUSION**

4  In accordance with the above, IT IS HEREBY ORDERED that:

5  1.  Plaintiff's amended complaint (Doc. No. 7) is dismissed;

6  2.  Plaintiff is granted thirty days from the date of service of this order to file a

7  second amended complaint that complies with the requirements of the Civil Rights Act, the

8  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

9  must bear the docket number assigned to this case and must be labeled "Second Amended

10  Complaint ;" plaintiff must use the form complaint provided by the Clerk of the Court and

11  answer each question;

12  3. Plaintiff's failure to file a second amended complaint in accordance with this

13  order will result in a recommendation that this action be dismissed without prejudice; and

14  4.  The Clerk of the Court is directed to provide plaintiff with the court's form

15  complaint for a § 1983 action.

16  DATED: May 18, 2011.

17

18

19  DAD:4
    gree0229.lta2

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

6