IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC GREENE,

    Plaintiff,                   No. CIV S-09-0229 LKK DAD P

    vs.

BOARD OF PRISON TERMS, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

                            /

        Plaintiff is a former state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's second amended complaint.

**I. Background**

        Plaintiff's original complaint was filed on January 26, 2009. Therein, plaintiff alleged in brief and conclusory terms that his parole agent, defendant Martin, and his parole agent's supervisor, defendant Johnson, falsely reported that plaintiff's whereabouts were unknown resulting in him being "wrongfully held in custody for a total of 167 days." (Doc. No. 1 at 3.) On October 26, 2009, the court dismissed the complaint and granted plaintiff leave to file an amended complaint. Plaintiff was advised in that order that in any amended complaint he elected to file he should allege additional facts in support of his contention that defendants

submitted false reports and clarify whether his parole was revoked, whether he received a probable cause hearing, and what decision was rendered at the hearing. Plaintiff was also advised that the Board of Prison Terms was not a proper defendant in a civil rights action and that this civil action may be barred by the decision in Heck v. Humphrey, 512 U.S. 477, 486 (1994). (Doc. No. 6 at 2-3.)

Plaintiff filed an amended complaint on November 18, 2009. In his three-page handwritten amended complaint plaintiff alleged little more than in his original complaint but did include allegations that defendants Martin and Johnson wrongfully reported that plaintiff was avoiding contact with them, when in fact he was making every effort to contact the defendants but they failed to return his attempted contacts. (Doc. No. 7 at 2.) On September 21, 2010, the undersigned issued findings and recommendations recommending that plaintiff's amended complaint be dismissed without prejudice as barred by the decision in Heck v. Humphrey, 512 U.S. 477, 486 (1994), because it appeared plaintiff was challenging the validity of the parole revocation which has not been reversed or declared invalid. (Doc. No. 10 at 2.) Those findings and recommendations were adopted by the assigned District Judge on November 5, 2010.

On January 25, 2011, following his release from custody, plaintiff moved to set aside the judgment, claiming that he had been unable to file objections to the findings and recommendations due to his incarceration. On February 17, 2011, the assigned District Judge entered an order vacating the judgment and re-opening the case. Following plaintiff's filing of objections to the September 21, 2010, findings and recommendations, on April 18, 2011 the assigned District Judge issued an order declining adoption of the findings and recommendations reasoning that since plaintiff was now no longer in custody following the revocation of his parole the decision in Heck no longer bared this action. (Doc. No. 20 at 2-3) (citing Nonnette v. Small, 316 F.3d 872, 877 & n.6 (9th Cir. 2002) and Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006). The court also observed that plaintiff's amended complaint did not appear to comply with the minimum pleading requirements set forth in the undersigned prior order dismissing with

leave to amend.  (Doc. No. 20 at 3.)  Accordingly, plaintiff was granted leave to file a second amended complaint.  (Id.)

In an order filed May 18, 2011, the undersigned reiterated that plaintiff had been granted leave to file a second amended complaint, advised plaintiff of the deficiencies with his amended complaint and advised him of the legal standards governing his claims.  (Doc. No. 21 at 2-5.)  Plaintiff was again advised that the Board of Prison Terms was not properly named as a defendant in this civil rights action.  (Id. at 3.)  As to his other named defendants, plaintiff was advised that he would be required to provide additional factual allegations concerning their involvement in the claimed constitutional violations and was instructed to allege specifically in what way each of the named defendant participated in making the alleged false report which resulted in the revocation of his parole.  (Id. at 4.)  The undersigned even suggested that plaintiff attach a copy of the allegedly false report to his second amended complaint.  (Id.)  Finally, plaintiff was advised that he must clarify the nature of his causes of action and identify in his second amended complaint the federal statutes or constitutional provisions that he claims were violated by the actions of the defendants.  Once again, plaintiff was also provided the legal standards governing a due process claim under the Fourteenth Amendment.

**II. Second Amended Complaint**

Plaintiff's second amended complaint was filed on May 31, 2011.  (Doc. No. 22.)  Therein he names three defendants: S. Martin, K. Johnson, and M. Brhel.  Plaintiff 's statement of claim as set out in his second amended complaint, in its entirety, reads as follows:

> On August 5, 2008, Cedric Greene was unlawfully placed into custody by S. Martin and K. Johnson.  The two submitted false reports stating that Mr. Greene's whereabouts were unknown until his arrest date of 8-5-2008.  S. Martin and K. Johnson then wrongfully reported that Mr. Greene was avoiding parole contact.  On September 5, 2008, M. Brhel knowingly issued an order that held Mr. Greene in unlawful confinement for "167 days."  The evidence and testimony showed that Mr. Greene was working and maintained a stable residence well within his County.  M. Brhel had no reports, documents, or evidence produced on the hearing date to send or hold Mr. Greene in a penal institution.

> United States Code Section 1981(a) states that Mr. Greene has equal rights under the law. Mr. Greene was well within his rights before his arrest date of 8-5-2008, but those rights were taken away by S. Martin and K. Johnson. The violation continued when M. Brhel made the decision to issue the order that held Mr. Greene in violation of the Constitution, laws, and treaties of the United States. For all stated reasons, Mr. Greene seeks damages in the amount of $60,000.00 from each named defendant, for a total of $180,000.00.

(Doc. No. 22 at 3.)

Plaintiff did not attach a copy of the parole agents' allegedly false reports to his second amended complaint as suggested by the court in its prior order dismissing with leave to amend. However, plaintiff had previously filed a copy of the September 5, 2008 Summary of Revocation Hearing and Decision with his application to proceed in forma pauperis. (Doc. No. 8 at 3-7.) Those documents reflect that plaintiff was represented by counsel at his parole revocation hearing, that he denied the parole violation charge and that the Board of Parole Hearings nonetheless determined that there was good cause for the charge of absconding parole supervision. (Id.) Accordingly, the Board revoked plaintiff's parole and ordered him returned to custody for nine months with eligibility for time credits. (Id. at 7.)

**III. Analysis**

As plaintiff has been previously advised, the court is required to screen complaints and must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

Despite plaintiff's numerous opportunities to amend his complaint so as to cure the deficiencies noted by the court, plaintiff's second amended complaint remains vague and conclusory. Although the court advised plaintiff that in any second amended complaint he elected to file he should allege facts clarifying how the two named defendants participated in the submission of "false reports" as he attempts to claim, plaintiff has again failed to allege any such

facts. Rather, plaintiff has merely once again alleged in conclusory fashion that defendants Martin and Johnson submitted "false reports" that plaintiff's whereabouts were unknown and was avoiding parole contact. (Doc. No. 22 at 3.) In this regard, there is little difference between plaintiff's second amended complaint and his original complaint.

In his second amended complaint, plaintiff has chosen to add defendant Brhel, who appears to have been the hearing officer at plaintiff's parole revocation hearing. However, plaintiff merely alleges that the evidence presented at the hearing did not support defendant Brhel's decision to revoke plaintiff's parole and remand him to custody.

Plaintiff was also advised in the court's prior order to clearly identify the nature of his claims and the federal statute or constitutional provisions he claims were violated by the defendants. However, in his second amended complaint plaintiff merely contends that "United States Code Section 1981(a) states that Mr. Greene has equal rights under the law." (Doc. No. 22 at 3.) The court assumes plaintiff is referring to 42 U.S.C. § 1981(a) which provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

In any event, plaintiff's second amended complaint contains no factual allegations in connection with the perplexing reference to §1981(a). For instance, plaintiff does not allege in his second amended complaint that due to racial discrimination he has been unable to enforce a contract, to sue, to give evidence, or was denied the equal benefit of a specific statute.

The court finds that plaintiff has failed to state any cognizable cause of action. See Mitchell v. Mid-Erie Counseling Service, No. 05-CV-6169CJS(P), 2005 WL 1579810, at *4 (W.D.N.Y. June 29, 2005) ( pro se plaintiff's § 1983 action challenging his parole revocation on the grounds that the witness against him provided biased testimony, dismissed in part on the grounds that plaintiff did not "have a constitutional right honest testimony" but only to due

1 process at his parole revocation hearing).  Moreover, even if plaintiff were able to identify a
2 cognizable legal claim for relief under 42 U.S.C. § 1983, it is doubtful that this action could
3 proceed against the defendants he has chosen to name in his second amended complaint.
4 Defendant Brhel was the hearing officer at the parole revocation hearing and would be entitled to
5 quasi-judicial immunity.  See Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004) (parole
6 board officials are entitled to absolute quasi-judicial immunity for decisions to grant, deny or
7 revoke parole because these tasks are functionally comparable to tasks performed by judges).
8 Defendants parole agent Martin parole unit supervisor Johnson would also appear to be entitled
9 to either absolute or qualified immunity.  See Swift, 384 F.3d at 1191-93 (concluding that
10 whether parole officers are entitled to absolute immunity depends on the type of duty they were
11 performing; a parole officer who investigates a parole violation acts like a police officer and is
12 not entitled to absolute immunity; a parole officer who recommends parole revocation also acts
13 like a police officer applying for an arrest warrant and is therefore entitled to qualified
14 immunity); Thornton v. Cavalin, No. 11-CV-108 BEN (CAB), 2011 WL 1303748 (S. D. Cal.
15 Apr. 5, 2011) ("[S]tate parole officials are absolutely immune from damages actions based on
16 any decision to impose a parole condition, to have a parolee arrested for an alleged parole
17 violation, or to institute judicial proceedings which result in the revocation of parole."); Stafford
18 v. Powers, Civ. No. 09-3031-CL, 2010 WL 1424304, at *3 (D. Or. Mar. 4, 2010) ("Decisions
19 and actions integral to decisions to grant, deny, or revoke parole . . . and the execution of parole
20 revocation procedures are also covered by absolute quasi-judicial immunity, but conduct arising
21 from the duty to supervise parolees is covered by qualified immunity[.]").

22         Finally, plaintiff's second amended complaint fails to give fair notice to the
23 defendants regarding the claims he is asserting against them and fails to provide factual
24 allegations in support of any claim.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
25 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires
26 more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do . . . . [F]actual allegations must be enough to raise a right to relief above the speculative level[.]") (internal quotation marks omitted).

The undersigned has carefully considered whether plaintiff should be granted leave to file a third amended complaint. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that, while leave to amend shall be freely given, the court need not allow futile amendments). Plaintiff has been given extensive guidance by the court in its previous dismissal orders regarding how to cure the deficiencies in his complaints. He has been unable to do so. Therefore, the undersigned concludes that granting plaintiff leave to file a third amended complaint would be futile. Accordingly, the court will recommend that this action be dismissed without leave to amend for failure to state a cognizable claim.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
gree0229.fsc

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26